DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
GIOCONDA R. MOLINARI (CABN 177726)
Assistant United States Attorney
E-mail: gioconda.molinari@usdoj.gov
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7220
    Facsimile: (415) 436-6748

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Transgender Law Center, *et al.* | Case No. 3:19-cv-03032 SK |
| | JOINT CASE MANAGEMENT STATEMENT |
| | |
| | Date: September 9, 2019 |
| Plaintiffs, | Time: 1:30 p.m. |
| | Courtroom: Courtroom C, 15th Floor |
| v. | Judge: Hon. Sallie Kim |
| | |
| U.S. Department of Homeland Security, Immigration and Customs Enforcement, *et al.*, | |
| | |
| Defendants. | |

**JOINT CASE MANAGEMENT STATEMENT**

The parties jointly submit this case management conference statement pursuant to the Court's June 3, 2019 Order (ECF 5), Standing Order for All Judges of the Northern District of California dated November 1, 2018, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1.    Jurisdiction & Service**

There are no issues concerning personal jurisdiction, venue, or service. Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331, among others. All parties have been served.

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-03032 SK

1

## 2. **Facts**

This case concerns two FOIA requests plaintiffs submitted to the government. By letter dated January 29, 2019 Plaintiffs Transgender Law Center and Jolene K. Youngers ("Plaintiffs") submitted a FOIA request to the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") seeking records regarding the death of Roxsana Hernandez, a woman of transgender experience who died in ICE custody on May 25, 2018. On February 5, 2019, plaintiffs submitted a FOIA request to DHS, Office of Civil Rights and Civil Liberties ("CRCL") seeking records regarding investigations into the circumstances surrounding Ms. Hernandez death. By letter dated April 19, 2019, CRCL acknowledged receipt of the FOIA request and assigned it a reference number. Plaintiffs filed this case on May 31, 2019.

On August 19, 2019, Defendants' counsel informed Plaintiffs' counsel that defendants have completed their searches and expect to process and release 500 non-exempt pages monthly beginning at the end of September 2019 until production has been completed. ICE has collected 3,100 potential pages subject to release and two spreadsheets, and CRCL has identified 631 pages. These pages are currently being reviewed and processed for release. Plaintiffs have requested information regarding the offices searched and terms used. Plaintiffs claim that ICE can process and release more than 500 pages monthly. Plaintiffs' counsel informed defendants' counsel that plaintiffs plan to amend their complaint to add other government entities as defendants.

The parties have engaged in discussions in an attempt to narrow the scope of their disputes, and have been working in good faith to resolve some of the claims and issues in this action. *See* Paragraph 17, below.

## 3. **Legal Issues**

Whether defendants have met their obligations to plaintiffs under the FOIA, including, but not limited to, FOIA's timing obligations, FOIA search adequacy requirements, and FOIA's withholding requirements.

## 4. **Motions**

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-03032 SK

2

There are no prior or pending motions.  The parties anticipate that this matter can be resolved on summary judgment.  The parties submit, however, that scheduling such motion is premature at this time. *See* Paragraph 17, below.

**5.     Amendment of Pleadings**

As stated above, plaintiffs intend to amend the complaint to add other government entities as defendants.

**6.     Evidence Preservation**

Defendants acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.     Discovery**

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

The undersigned counsel are unaware of any related cases before another judge of this Court.

**11.    Relief**

Plaintiffs seeks an order directing defendants to engage in a search reasonably calculated to discover all responsive documents, and to produce any non-exempt, reasonably segregable information by November 2019.   Defendant seeks a defense judgment and dismissal of this action.  As stated in

paragraph 2 above, defendant can process 500 pages monthly due to limited government resources, and can provide a declaration from ICE FOIA explaining the resources, if requested. ICE expects to complete its release of documents in March 2020. CRCL expects to complete its release of documents at the end of September 2019.

**12.    Settlement and ADR**

This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties prefer to discuss ADR selection with the Court at the case management conference.

**13.    Consent to Magistrate Judge for All Purposes**

The parties have consented to assignment of this case to this Court for all purposes.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have been engaged in the meet-and-confer process in an attempt to narrow the issues. *See* Paragraph 17, below.

**16.    Expedited Trial Procedure**

The parties believe that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17.    Scheduling**

The parties anticipate that this matter can ultimately be resolved on summary judgment. The parties submit, however, that scheduling any such motion is premature at the time of the filing of this joint case management statement.

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-03032 SK

In particular, plaintiffs submitted two FOIA requests seeking records from defendants pertaining to the death of Ms. Hernandez.  The defendants have completed their searches.  Defendant CRCL has identified 631 of potential pages subject to release, and ICE has identified 3,100 pages.  The documents are currently being reviewed and processed for release.  Defendants anticipate releasing 500 pages monthly beginning at the end of September, until production has been completed.  Thus, ICE anticipates that its release will be completed six months later, in February 2019.  Defendants can process 500 pages monthly due to limited government resources, and can provide a declaration explaining those resources, if requested.  Plaintiffs' position is that ICE is capable of processing more than 500 pages per month.  Further, plaintiffs plan to amend their complaint to add other government defendants.  Therefore, at this juncture the parties are unable to propose a schedule for summary judgment to resolve this case.

**18.    Trial**

No trial is anticipated.  The parties anticipate that this entire case will be resolved on summary judgment.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Defendants have not filed a disclosure of interested entities or persons because Local Rule 3-15 excuses government entities or their agencies from this requirement.  Plaintiffs filed a disclosure pursuant to Local Rule 3-15 on September 3, 2019 stating that there are no such entities or partied to disclose.

**20.    Professional Conduct:**

Counsel for defendants have reviewed the Guidelines of Professional Conduct for the Northern District of California. Counsel for plaintiffs have reviewed the Guidelines of Professional Conduct for the Northern District of California.

**21.    Other**

None.

//

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-03032 SK

5

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DAVID L. ANDERSON<br>United States Attorney |
| Dated:  September 3, 2019       By: | _____/s/_____<br>GIOCONDA R. MOLINARI<br>Assistant United States Attorney |
|  | /s/ Shawn Thomas Meerkamper<br>Shawn Thomas Meerkamper (CA Bar No. 296964)<br>Transgender Law Center<br>P.O. Box 70976<br>Oakland, CA, 94612<br>Phone: (510) 587-9696, ext. 303<br>Fax: (510) 587-9699<br>shawn@transgenderlawcenter.org |
|  | R. Andrew Free (TN Bar No. 30513)<br>Law Office of R. Andrew Free<br>P.O. Box 90568<br>Nashville, TN 37209<br>Phone: (844) 321-3221<br>Fax: (615) 829-8959<br>Andrew@ImmigrantCivilRights.com |
|  | *Counsel for the Plaintiffs* |

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-03032 SK

6