STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
   Telephone: (510) 637-3721
   Facsimile: (510) 637-3724
   jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRANSGENDER LAW CENTER, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>   Defendants. | Case No. 3:19-cv-03032 SK<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [PROPOSED] ORDER REGARDING FEBRUARY 6, 2023 CASE MANAGEMENT CONFERENCE**<br><br>Date: February 6, 2023<br>Time: 1:30 p.m.<br>Place: Zoom Video Conference<br><br>The Honorable Sallie Kim |

Pursuant to Court order (ECF No. 75), the parties jointly submit this Status Report, Further Case Management Statement, and Stipulation and Proposed Order regarding the February 6, 2023 Case Management Conference.

**Status Report And Stipulation Regarding February 6, 2023 Case Management Conference**

Since the October 17, 2022 case management conference, the parties have been working cooperatively to resolve this case. Specifically, pursuant to the Ninth Circuit's order and this Court's guidance, Defendants re-reviewed all the previously released records and re-released many of those records with more limited redactions. Those re-releases included, *inter alia*, the draft mortality review and draft press statements, removed withholdings to content following the @ sign in email addresses, and

substantially scaled back Defendants' Exemption (b)(5) deliberative process withholdings and some of the (b)(7) withholding relating to law enforcement information. Plaintiffs have provided Defendants with a list of documents Defendants have produced on remand that Plaintiffs allege continue to include redactions of domain names; the parties are working together to resolve this issue at this time. Defendants also provided updated *Vaughn* indices describing the content of the remaining withholdings. Plaintiffs are reviewing the updated releases and *Vaughn* indices, and the parties will try to resolve any remaining disputes regarding the remaining withholdings without Court intervention. The parties almost have reached agreement upon an ESI search protocol for Defendants' supplemental searches. Once final agreement has been reached, Defendants will conduct the searches pursuant to the agreed-upon ESI search protocol and will begin processing the resulting potentially responsive records as soon as practicable.

In light of the progress made to date in this case, the parties' intention to resolve their disputes cooperatively wherever possible, and the fact that there are presently no disputes ripe for judicial intervention, the parties stipulate, subject to Court approval, to vacate the February 6, 2023 case management conference. The parties suggest that they file a joint status report on or before May 1, 2023.

### Civil Local Rule 16-9 Joint Case Management Statement Contents

**1. Jurisdiction & Service**

There are no issues concerning personal jurisdiction, venue, or service. Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331, among others. All parties have been served.

**2. Facts**

The instant dispute arises from Defendants-below failure to respond timely to two Freedom of Information Act ("FOIA") requests (together, the "FOIA Requests") submitted by Plaintiffs, which FOIA Requests are both related to the in-custody death of 33-year-old transgender migrant Roxsana Hernandez while she was detained by Defendant Immigration and Customs Enforcement ("ICE"). After receiving no responsive documents to either FOIA Request, Plaintiffs initiated this action to compel production of records. Plaintiffs argued that the Defendants: (i) failed to make responsive documents promptly available in compliance with FOIA deadlines, (ii) unlawfully denied Plaintiffs' expedited processing requests, (iii)

failed to conduct an adequate search for relevant and responsive records; and (iv) improperly withheld agency records without proper exemption showings and without adequate *Vaughn* indices.

This Court granted in part and denied in part Plaintiffs' Cross-Motion for Summary Judgment, and granted in part and denied in part Defendants' Motion for Summary Judgment. The Court found in favor of Plaintiffs that Defendants had failed to adhere to the timeliness requirements of the FOIA and denied Plaintiffs' motion in all other respects. Plaintiffs timely appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit has issued its Opinion, which vacated, reversed, and remanded the District Court's decision. *See generally Transgender Law Ctr. v. Immigration & Customs Enf't*, No. 20-17416, 2022 U.S. App. LEXIS 23191 (9th Cir. Aug. 19, 2022).

This matter is now before the Court on remand to comply with the Ninth Circuit's opinion and order.

### 3. Legal Issues

Whether Defendants have met their obligations to Plaintiffs under the FOIA, including, but not limited to FOIA search adequacy requirements, FOIA's withholding requirements, and the FOIA's provisions for expedited processing, pursuant to the Ninth Circuit Court of Appeals' opinion and order. *Transgender Law Ctr.*, 2022 U.S. App. LEXIS 23191.

### 4. Motions

There are no pending motions before this Court.

### 5. Amendment of Pleadings

The parties do not anticipate amending any pleadings.

### 6. Evidence Preservation

Defendants acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties previously agreed and stipulated pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary as this is a FOIA action for which there is no need to exchange such disclosures.

**8. Discovery**

To date, no discovery has been taken by any party, and the parties do not anticipate that discovery will be necessary.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The undersigned counsel are unaware of any related cases before another judge of this Court.

**11. Relief**

<u>Plaintiffs' position:</u>

Plaintiffs seek injunctive and declaratory relief that Defendants have failed to comply with the requirements of the FOIA. Plaintiffs further seek that this Court ensure compliance with all holdings and other issues remanded for further determination by this Court as provided in the Ninth Circuit's May 12, 2022 Opinion, including:

- that Defendants promptly and adequately search for records responsive to Plaintiffs' FOIA Requests, including that: (i) Defendants carry out additional searches for responsive records from the 48 email accounts identified by Plaintiffs, and (ii) ensure Defendants follow obvious leads to the discovery of additional, responsive records that emerge during any of Defendants' further searches;

- that Defendants reproduce unredacted versions of all email domain names previously withheld in Defendants' productions to date and moving forward that Defendants' produce all domain names that may be included in any record responsive to the FOIA Requests;

- that Defendants provide Vaughn indices that are specific and non-conclusory and are sufficient to establish that Defendants' withholdings, if any, are supported by law;

- that Defendants reproduce unredacted versions of all draft documents, including drafts of Roxsana's mortality review and draft press releases, previously withheld by Defendants pursuant to Exemption b(5), unless Defendants can evidence that such records can be properly withheld pursuant to this exemption for reasons other than simply being in "draft" form;

- that Defendants reproduce domain names without redaction in all previously produced documents where domain names were previously redacted pursuant to Exemptions 6 and 7(c) and that Defendants do not redact any domain names in any future records produced in this action;
- that this Court determine whether Defendants' invocation of Exemption (b)(7)(E) relates to a law enforcement technique, procedure, or guideline and order Defendants to reproduce all prior withholdings made under exemption (b)(7)(E) that are law enforcement guidelines not reasonably calculated to lead to circumvention of the law, or are neither law enforcement techniques, procedures, or guidelines, and in doing so this Court should account for revelations from the CoreCivic documents Plaintiffs received from a separate public records request and made available to this Court;
- that Defendants reproduce all reasonably segregable non-exempt information previously withheld and that this Court make specific findings as to whether factual information was properly segregated and disclosed in all documents;
- that Defendants produce all documents related to Defendant Office of Civil Rights and Civil Liberties site visit to the Cibola County Correctional Center as part of its investigation into Roxsana's death (including any emails, calendar invitations, other logistical records, or any factual findings as a result of the investigation);
- Grant Plaintiffs' expedited processing requests and promptly re-run applicable searches and produce resulting responsive records thereto;
- grant Plaintiffs their attorney's fees and costs related to the litigation of this matter before the District Court; and,
- all other and further relief as deemed just and proper by this Court.

Defendants' position:

Defendants intend to work cooperatively with Plaintiffs to resolve disputes wherever possible. If the parties are unable to resolve any disputes amicably, Defendants will present their position to the Court on any outstanding dispute(s) once they are ripe for judicial consideration.

**12. Settlement and ADR**

The parties have been referred to Judge Hixson for a settlement conference. Judge Hixson held a pre-settlement conference scheduling call on November 3, 2023. ECF No. 78. During the pre-settlement conference scheduling call, the parties agreed not to schedule a settlement conference at that time because the status of the case did not present any issues ripe for Judge Hixson's assistance. *Id.* Judge Hixson scheduled a follow-up call for February 9, 2023. *Id.*

**13. Consent to Magistrate Judge for All Purposes**

The parties have consented to assignment of this case to this Court for all purposes.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties intend to continue working cooperatively to narrow, or eliminate, issues prior to Court intervention.

**16. Expedited Trial Procedure**

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17. Scheduling**

<u>Plaintiffs' position:</u>

Plaintiffs request that Defendants implement the almost agreed-upon ESI protocol and produce a search term "hit" report stemming from same no later than February 15, 2023. Upon receipt of the hit report, Plaintiffs agree to work cooperatively with Defendants to identify a reasonable production schedule for the newly-identified records, but in no event shall Defendants produce less than 1,000 pages of records per month (in order to ideally resolve this matter within 2-4 months, but acknowledging that this time frame depends on the volume of responsive records identified through the additional searches as outlined in the ESI search protocol). Plaintiffs seek prompt provision of updated Vaughn indices after Defendants provide their last production to Plaintiffs, but will address the timeline regarding same once the volume and timing of production on remand is better known to all Parties.

Defendants' position:

Defendants will execute the nearly agreed-upon ESI search protocol once the parties have finalized it. Plaintiffs request that Defendants produce a "hit report" by February 15, 2023, but that is not practicable—for example, for departed employees, it will take at least two weeks just to have those employees' custodial emails retrieved. Defendants instead intend to complete the supplemental searches in the agreed-upon ESI protocol as soon as practicable.

As of this date, Defendants do not know the volume of potentially responsive records that may result from the ESI search protocol. The parties may revisit the search terms in the ESI protocol once the searches have been run if the volume of documents is too great to process within a reasonable time frame. The parties agreed at the last case management conference that Defendants will process no less than 1,000 pages of potentially responsive records monthly. Defendants should be able to provide an estimated completion date for processing the potentially responsive records belonging to the agencies once the volume of potentially responsive records is known. Defendants caution that some of the potentially responsive records resulting from the supplemental searches may need to be sent to other agencies for consultation or referral, and Defendants are not currently aware of the volume of consultation or referral records. Moreover, Defendants do not control the pace at which the other agencies process consultation or referral records.

**18. Trial**

The parties do not anticipate the need for trial in this matter.

**19. Disclosure of Non-party Interested Entities or Persons**

Defendants have not filed a disclosure of interested entities or persons because Local Rule 3-15 excuses government entities or their agencies from this requirement. Plaintiffs filed a disclosure pursuant to Local Rule 3-15 on September 3, 2019 stating that there are no such entities or partied to disclose. ECF No. 14.

**20. Professional Conduct**

Counsel for the parties have reviewed the Guidelines of Professional Conduct for the Northern District of California.

**21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

Nothing to report.

Respectfully submitted,

Dated:  January 30, 2023

STEPHANIE M. HINDS
United States Attorney

*/s/ Jevechius D. Bernardoni\**
Jevechius D. Bernardoni
Assistant United States Attorney

*/s/ Irene R. Lax*
Irene R. Lax
Grant & Eisenhofer PA
485 Lexington Ave., 29th Floor
New York, NY 10017
646-722-8512
ilax@gelaw.com
*Pro Hac Vice*

Mary Elizabeth Graham
Grant & Eisenhofer PA
2325 3rd St., Suite 329
San Francisco, CA 94107

*\*In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all other signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that the case management conference currently scheduled for February 6, 2023 shall be taken off calendar. The parties shall submit a joint status report on or before May 1, 2023.

IT IS SO ORDERED.

Date: _____                          _____

                                                           THE HONORABLE SALLIE KIM
                                                           UNITED STATES MAGISTRATE JUDGE